Hall, Judge.
 

 This is not a partition under the act of 1787
 
 {Rev. e.
 
 274 _), and so the Judge instructed the jury. Independently of the other objections to it, it does not appear that the commissioners were sworn; nor did they make a return of their proceedings and appropriations under their hands and seals. Regularly a petition ought to have been filed, and those of the representatives who were not petitioners ought to have had notice of the petition. This is required by the act of 1803
 
 {Rev. c.
 
 636) Besides, one of tbe heirs at law was an infant, and was not represented.
 

 The Judge further instructed the jury, that aliho’ it was not a partition concluding the parties, yet it might become conclusive if the parties assented to it, and acquiesced under it until the bringing of the present suit.
 

 This is not a suit brought in Equity to complete a partition, which the parties had agreed to and acquiesced under for a length of time, and to give to each party a title in severalty to the portion of land, by that agreement allotted to him; but it is an action at law brought to recover that part of the land, which the Plaintiffs say was allotted to them by the partition set forth in the case. If the partition is not valid under the act of Assembly, is it valid as a partition made by consent of the 'tenants in common, ?
 

 
 *532
 
 ft ¡s sa{(j tit at partition at common law might be made tenants in common by parol, with a feoffment, or any written instrument evidencing the partition. That may be admitted ¿ but it cannot'be admitted, that it could be done by parol without livery of seisin
 
 ;
 
 because, tenants in common have several freeholds, and when one conveys to the other without deed at common law, it was necessary that livery of seisin should be made. In the present case, that is not pretended to have been done.— And indeed it is questionable whether it would be valid, if admitted to have been done, because the act of
 
 1715 fRev. c. 7J
 
 seems to have pointed out the mode to be observed in conveying lands, and the act of 1778
 
 (Rev. c.
 
 133) adopts so much of the common law, as was in force and
 
 use
 
 before that time. But on this part of the case I give no opinion.
 

 But it is said, that each tenant in common in this case has been long possessed of the part allotted to him under the partition, and has so long acquiesced in the possession of each of the other tenants in common. Admitting that to be the case, it is to be observed, that they are all heirs of the same ancestor, and each has a right to the possession of the whole, and the possession of one cannot be considered as adverse to the possession of the others. (Co.
 
 Litt.
 
 242,
 
 Lit. s.
 
 396, 397. 1
 
 Salk.
 
 142,
 
 423.)
 
 Their title is the same, and their possession is the same under that title.'
 

 The case states, that the commissioners (not sworn, and unauthorized to act on that account) calculated and made the plot, as laid down in the re port and in the survey, sent as part of the case, in the black lines,
 
 but did not run or mark the dividing
 
 lines, or
 
 either of
 
 them* Laying their common title derived from their common ancestor out of the r ase, this partition on
 
 paper,
 
 made by
 
 strangers
 
 unauthorized to make it, would not be a colon of title to any possession, however adverse.
 

 Per Curiam. Let thejudgment below fee affirmed.